```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

**BRANDY LINDY, et al.**                                              **PLAINTIFFS**

           v.           Civil No. 05-2171

**JIM RAY, INC., an Arkansas corporation,**
**d/b/a JIM RAY NISSAN of Fort Smith,**
**Arkansas, and these individuals:  BILLY**
**COOPER, MARK VANDERMOLEN, and JIM RAY**              **DEFENDANTS**

                        <u>O R D E R</u>

Now on this 25th day of May, 2006, the Court takes up the issue of possible severance, for trial purposes, of the claims asserted in this case.

1.   Plaintiffs are 79 individuals who allege that they were cheated in the course of 59 separate vehicle purchase transactions at defendant Jim Ray Nissan of Fort Smith, Arkansas.  Upon being advised that the case would take upwards of six weeks for trial, the Court directed the parties to brief their positions on two issues:

(a)   Can the claims of all plaintiffs fairly be characterized as arising out of the same series of transactions or occurrences?

(b)   If so, would judicial efficiency be better served by grouping plaintiffs with substantially similar claims, and severing the case for trials of various groups of plaintiffs?

2.   Plaintiffs prefer a trial of all claims at one time, suggesting that "the exact same transaction or series of transactions" is involved and that if the cases were severed, all

plaintiffs would need to testify in each case to prove a "pattern or practice," as required in a RICO case[1]. Alternatively, they suggest grouping their claims into three batches, of roughly equal number, anticipating that each such case would require two weeks for trial.

3. Defendants take the position that the only way to avoid prejudice to them is to sever each transaction from all the others, and conduct 59 separate trials. Alternatively, defendants oppose the grouping concept, and contend that if the case is not to be split into 59 separate trials, all claims should be tried at the same time.

4. The Court does not find any of these suggestions particularly compelling. It disagrees with plaintiffs that "the exact same transaction or series of transactions" is involved, because what is pled is a series of 59 similar, but discrete, transactions. It also disagrees that all plaintiffs would have to testify in each case to prove up a pattern of conduct, and indeed believes that, if the plaintiffs testify in accordance with their allegations, such testimony would quickly become redundant.

The Court likewise does not believe that prejudice can only be avoided by conducting 59 separate trials. There appear to be logical groupings of plaintiffs that can be made[2], that would be

---

[1] Plaintiffs actually claim that they must prove a pattern in connection with their Arkansas Deceptive Trade Practices Act claims, but the Court believes this is an error, and that what they actually meant to refer to was the RICO claims.

[2] For example, plaintiffs Tabatha Caldwell, Whittington, Matthews, Simmons, and Arredondo each assert claims which plaintiffs have identified on their grid as A-2 and B-1 claims, and no other claims. (While other plaintiffs also assert A-2 and B-1

conducive to expedition and economy without prejudice to any party, but the Court does not immediately perceive the logic in the groupings suggested by plaintiffs.

5. For the foregoing reasons, the Court believes that a status conference would be beneficial in this matter, and directs that the parties present themselves at 8:00 a.m. on Friday, June 2, 2006, in Room 226 of the Isaac C. Parker Federal Building, South 6th and Rogers Avenue, Fort Smith, Arkansas, for such conference.

**IT IS SO ORDERED.**

                                            **/s/ Jimm Larry Hendren**
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**

---

claims, they have additional claims, or only have either an A-2 or a B-1 claim.)